IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MILLIE SNOWDEN,

    Plaintiff,

    v.

UNITED STATES POSTAL
SERVICE,

    Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-1743-TWT

OPINION AND ORDER

This is an employment discrimination action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 9] or alternatively Motion for Summary Judgment [Doc. 9]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 9] is DENIED as moot. The Motion for Summary Judgment [Doc. 9] is GRANTED.

I. BACKGROUND

The Plaintiff is an employee of the United States Postal Service. She held the position of Secretary, Operations Support, at a pay grade of PS-6. On January 5, 2004, she returned from maternity leave. She learned at that time that she had been replaced by a white female. She remains an employee of the Postal Service and has

lost no pay or benefits.  She claims that she has lost opportunities for promotion.  On May 13, 2004, she requested informal counseling.  She later filed a charge of discrimination with the EEOC in which she alleged that she was the victim of discrimination based upon her race, sex, and exercise of her Family and Medical Leave Act rights.  In her Amended Complaint, she also claims that the Postal Service retaliated against her in violation of Title VII.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant.  Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-159 (1970).  The party seeking summary judgement must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  DISCUSSION

A federal employee must exhaust administrative remedies as a precondition to filing a Title VII suit. Brown v. General Services Administration, 425 U.S. 820, 832 (1976); Chappell v. Chao, 388 F.3d 1373, 1379 n.8 (11th Cir. 2004); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). See also Tolbert v. United States, 916 F.2d 245, 247 (5th Cir. 1990). No action alleging a violation of Title VII may be brought unless the claim has been made the subject of an EEO administrative complaint. Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1332 (11th Cir. 2000).

The administrative regulations pertaining to discrimination in federal employment require aggrieved parties to, among other things "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The forty-five (45) day period begins to run when the complainant first knew or reasonably should have known of the discriminatory conduct or practices of which he or she complains. See Delaware State College v. Ricks, 449 U.S. 250, 259-62 (1980). See also Sturniolo v. Sheaffer, Eaton, Inc., 15 F.3d 1023, 1025 (11th Cir. 1994).

The matter alleged to be discriminatory is the Plaintiff's removal from her prior assignment. The Plaintiff was aware of the alleged removal by January 5, 2004, when

she returned from maternity leave. Her request for informal counseling was not made within 45 days of that date but rather over four months later on May 13, 2004. The Plaintiff was on notice of facts which would support a charge of discrimination and were or should have been apparent to a person with "a reasonably prudent regard" for his or her rights. Sturniolo, 15 F.3d at 1025. She also failed to timely exhaust her administrative remedies with respect to the later conduct which she now claims was retaliation.

The Plaintiff seeks to avoid the consequences of her failure to timely exhaust administrative remedies by seeking shelter under the continuing violation doctrine. Prior to the Supreme Court's decision in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the continuing violation doctrine operated to preserve a time-barred claim alleging a discrete act of discrimination if it could be considered one of a series of related acts, at least one of which fell within the applicable limitations period. In Morgan, the Court held that the timely-filing requirement erects an absolute bar on recovery for "discrete discriminatory or retaliatory acts" occurring outside the limitations period. The Court reasoned that "discrete acts of discrimination" such as "termination, failure to promote, denial of transfer, or refusal to hire" are easy to identify, and each "constitutes a separate actionable 'unlawful employment practice. . . .'" Because each is an identifiable violation of Title VII,

"[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." Id. at 113.  In such cases, there is no issue about when, in the language of the statute, the "alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).  It "occurred" on the day that it "happened." Morgan, 536 U.S. at 109. A party, therefore, must file a charge within the applicable limitations period or lose the ability to recover for it.  Id. at 113.  See also Ledbetter v. Goodyear Tire and Rubber Co., Inc., 421 F.3d 1169, 1178-80 (11th Cir. 2005).  In this case, the Plaintiff's race discrimination claim involves a discrete, readily identifiable act in which the Plaintiff alleges that she was "taken out of her position and replaced with a Caucasian female." Ex. 2, p. 1.  This claim involves no hostile working environment allegation. The claim that the Plaintiff was denied temporary job details, likewise involves one or more discrete acts which fail to allege a hostile working environment claim.  The continuing violation doctrine, therefore, does not operate to bring these complaints within the applicable limitations period.  The Defendant is entitled to summary judgment as to all of the Plaintiff's claims.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 9] is GRANTED.  The Defendant's Motion to Dismiss [Doc. 9] is DENIED as moot.

SO ORDERED, this 19 day of July, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge